United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 6, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

--------------------

No. 06-30999
Summary Calendar

--------------------

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MERVIN SPENCER, also known as Marvin Spencer,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:04-CR-162
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

    Mervin Spencer appeals the sentence imposed after his jury
conviction for one count of possession with intent to distribute
cocaine base (count one) and two counts of distribution of
cocaine base (counts two and three).  Because Spencer had prior
drug convictions, he was sentenced to a mandatory sentence of
life imprisonment for count three and to concurrent terms of
imprisonment of 210 months for counts one and two.

    On appeal, Spencer contends that the Government
impermissibly manipulated his sentence by delaying his arrest

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

until after a second controlled purchase so that the aggregate quantity of cocaine exceeded 50 grams. Sentencing factor manipulation "occurs when a defendant, although predisposed to commit a minor or lesser offense, is entrapped in committing a greater offense subject to greater punishment." United States v. Washington, 44 F.3d 1271, 1280 n.29 (5th Cir. 1995) (internal quotation marks omitted). There is nothing in the record suggesting that the Government's conduct was outrageous. Spencer's participation in the two drug transactions constituted conduct properly considered in determining Spencer's sentence.

Spencer also asserts that the district court erred by enhancing his sentence based on his prior drug convictions. Spencer cannot challenge his prior 1987, 1989, and 1990 state convictions that were alleged in the information filed by the Government because the prior convictions occurred more than five years before the date of the information filed by the Government. See 21 U.S.C. § 851(e).

After briefs had been filed, Spencer filed motions requesting this court to appoint new counsel and strike Spencer's current appeal brief. Attorneys appointed by the district court under the Criminal Justice Act "shall continue to provide representation on appeal unless relieved by court order." FIFTH CIRCUIT PLAN UNDER THE CRIMINAL JUSTICE ACT, § 5(B). "Counsel may be relieved upon a showing that there is a conflict of interest or other most pressing circumstances or that the interests of

justice otherwise require relief of counsel." <u>Id.</u> Spencer has not made the required showing.

AFFIRMED; MOTIONS DENIED.